**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| GARY L. SNYDER,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT C. ALDER, Granite County Commissioner, Chairman, in his official and personal capacity, PAUL G. KULASKI, Granite County Commissioner, in his official and personal capacity, BLANCHE McLURE, Granite County Commissioner, in her official and personal capacity, BLAINE BRADSHAW, Granite County Attorney, in his official and personal capacity, LUKE ULATOWSKI, Appointed Local Government Study Commissioner, in his official and personal capacity, GAIL LEEPER, Resigned/Former Local Government Study Commissioner, in her official and personal capacity, and ROBIN WIGHT, Resigned/Former Local Government Study Commissioner, Treasurer of Drummond, in her official and personal capacity,<br><br>Defendants. | CV 25-222-M-WWM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT AND SETTING DEADLINES |

Plaintiff Gary L. Snyder ("Snyder"), acting *pro se*, filed a Complaint on

December 31, 2025, alleging four counts of constitutional violations against the

named Defendants under 42 U.S.C. § 1983, including violations of his freedom of speech, equal protection, and due process. (Doc. 1 at 13). Additionally, Mr. Snyder alleges the torts of libel and slander *per se*, and requests this Court to grant injunctive relief. *Id.* at 46-51. In response, Defendants have moved this Court to dismiss Mr. Snyder's claims or, in the alternative, order him to provide a more definite statement. (Doc. 8). The Court convened a hearing today on Mr. Snyder's request for injunctive relief[1] and Defendants' Motion. (Doc. 15).

## I.    Background

This dispute apparently arises from Mr. Snyder's election to, service on, and subsequent removal from the Granite County Local Government Study Commission ("LGSC") between November 2024 and July 2025. (Doc. 1 at 3-12). Mr. Snyder was elected to serve on the LGSC, along with Defendants Gail Leeper ("Leeper") and Robin Wight ("Wight"), in November 2024. *Id.* at 3-4. By statute, the LGSC consisted of three members. 7-3-177, MCA. The newly elected commissioners held their initial meeting on December 23, 2025. *Id.* at 4. From that point on, it appears contention grew between the three members until Ms. Leeper and Ms. Wight resigned from the LGSC on April 28, 2025 and April 29, 2025, respectively. (Doc. 1-2 at 56-57). Mr. Snyder, being the only commissioner left on the LGSC, appointed himself as Chairman and Secretary. *Id.*

---

[1] Mr. Snyder did not file a motion for preliminary injunction.

2

at 58 and 60. Granite County Attorney Blaine Bradshaw ("Bradshaw"), who is a Defendant in this case, notified Mr. Snyder via email on May 13, 2025 that "[t]he Study Commission, at this point, can not take any formal action without a quorum" and that the Granite County Commissioners ("GCCs") had voted to advertise the vacant LGSC positions in the newspaper. (Doc. 1-2 at 61). The GCCs appointed Luke Ulatowski ("Ulatowski") to the LGSC on June 10, 2025. On July 8, 2025, the GCCs voted to remove Mr. Snyder from the LGSC.[2] In a letter dated July 15th, the GCCs informed Mr. Snyder that they had removed him from his "appointed position" by a unanimous vote, although noticeably absent from the Commissioners' letter is the legal authority invoked to effectuate Mr. Snyder's removal. (Doc. 1-2 at 124). Defendants appeared to agree during today's hearing that Mr. Snyder was elected, not appointed, to his LGSC seat.

Mr. Snyder claims his constitutional rights were violated by the attempts of his fellow LGSC commissioners, Ms. Leeper and Ms. Wight, along with Mr. Bradshaw, to coerce or threatened him to resign, and by the GCCs for their "complete failure to understand the difference between a democratically elected position and an appointment, driven by their penchant for retaliation based on differences of opinion and fear of losing their political positions." (Doc. 1 at 8,

---

[2] Mr. Snyder was notified of the impending vote on his removal by letter dated July 2, 2025. (Doc. 1-2 at 104).

21-22, and 41).  Mr. Snyder requests a "temporary injunction" but also asks this Court for the following mandates:

1)   A budget of $12,000 be restored to an unknown party "to the time the cabal action took place, for the present year";

2)   That the meeting facilities of the LGSC "be under the direct control of the Study Commission, preferably in a location apart from the county commissioners";

3)   That "a website must be developed and totally under the control of the Study Commission";

4)   That the electorate be educated as to "the pros and cons of a change to self-governing power";

5)   That Mr. Bradshaw and the County Commissioners be prohibited "to refrain from any further interference with the [LGSC's] constitutionally mandated operation;" and

6)   That "the county commissioners must be held accountable for the cost" of "judicious use of signage and billboards," presumably to educate the public about the pros and cons of a change to self-governing power.

(Doc. 1 at 51-52).

4

## II.    Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the Court is to accept the allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiff. *Gibson v. City of Portland*, 165 F.4th 1265, 1274 (9th Cir. 2026). The Court need not accept as true conclusory allegations or legal characterizations. *W. Mining Council v.* Watt, 643 F.2d 618, 624 (9th Cir. 1981). It is a plaintiff's obligation to provide the grounds of his entitlement to relief beyond "more than labels and conclusions and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to survive a Rule 12(b)(6) motion, a complaint must be plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A *pro se* complaint is to be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *compare* Fed. R. Civ. P. 8(e) ("[p]leadings must be construed so as to do justice"). The Ninth Circuit has stated that a *pro se*

complaint "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Klingele v.* Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).[3]

Still, where a plaintiff brings multiple counts against multiple defendants, as in the case at bar, the complaint should be organized in such a way that gives effect to each count and informs the Court of the specific claims brought against the Defendant(s). *Briskin v. Shopify, Inc.*, 135 F.4th 739, 762 (9th Cir. 2025) ("[a] collectively pleaded complaint may fail to provide fair notice to a defendant, where there are multiple defendants and claims, and the complaint fails to differentiate among them"). Each count should expressly state which Defendant it is brought against. *McHenry v. Renne*, 84 F.4th 1172, 1175 (9th Cir. 1996) (upholding dismissal of a complaint for failure to state a claim where the trial court had "the impossibility of figuring out which defendants were allegedly liable for which wrongs").

Federal Rule of Civil Procedure 8 requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also*

---

[3] The Court considered the request for injunctive relief during today's hearing even in the absence of briefing from Plaintiff on the legal viability of his request due to the imminent completion of the LGSC's work. 7-3-178(1), MCA.

6

*Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (pleading may violate Rule 8 in "multiple ways," including by saying "too little" or "too much"). Rule 10 further provides: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" so that any "later pleading may refer by number to a paragraph from an earlier pleading." F. R. Civ. P. 10(b). Even *pro se* litigants must submit pleadings that comport with the federal rules by which they are bound. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### III.   Analysis

*A.     As pled, the Complaint does not comport with Federal Rules.*

Mr. Snyder's Complaint consists of 59 pages and, according to the "Exhibit Table," 34 exhibits. The Complaint's paragraphs are not numbered, and the Complaint includes an abundance of long block quotes from Montana's Constitution, the Montana Code Annotated ("MCA"), the U.S. Constitution, the Encyclopedia of the American Constitution, a study guide published by Montana State University, and case law. Further, the headings within the Complaint are often misnumbered; the section describing count three, for example, contains two subsections labeled "A." Some of the listed exhibits are printed excerpts of the MCA, and other cited exhibits are labeled incorrectly or missing pages, making the document difficult to navigate. (*See* Doc. 1 at 45 and 56 (Mr. Snyder cites to

"*Plaintiff's Exhibit* # 31" on page 45 of his Complaint yet Exhibit 31, as described within the "Exhibit List," refers only to "*Plaintiffs* [sic] *Exhibit #11*" on page "40")). While Mr. Snyder includes a statement on page 13 under the heading "FRCP Rule 8 STATEMENT," the Complaint itself cannot be construed as simple, concise, or direct. Fed. R. Civ. P. 8.

Even more problematic is the fact that Mr. Snyder's Complaint fails to identify the count(s) alleged against each named Defendant. A plaintiff should tie one or more defendants to each of his claims. He should not refer to them as a group (e.g., "the defendants") but, instead, should identify what each defendant did or failed to do that resulted in a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Without knowing which counts apply to the several Defendants, it is impossible for the Court to consider or provide appropriate relief.

In the Ninth Circuit, Rule 12(b)(6) motions are generally disfavored (*see, e.g., Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997)). As the Defendants recognize, there are other mechanisms that the Court may rely upon to encourage compliance with the rules while preserving the *pro se* litigant's access to justice. (Doc. 8 at 4 and 7). Under Federal Rule of Civil Procedure 12(e), "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but

8

which is so vague or ambiguous that the party cannot reasonably prepare a response."

Based on the foregoing, the Court finds it necessary to require Mr. Snyder to file a clearer statement because the Complaint does not comport with the federal rules. Mr. Snyder will be given an opportunity to amend his Complaint to comply with the Federal Rules of Civil Procedure, specifically rules 4, 8, and 10.

B.    *Mr. Snyder's request for injunctive relief may be clarified in a separate motion.*

Mr. Snyder contends "[a]n immediate fourthwith [sic] temporary injunction, is indicated based on the facts . . . and the arbitrary and capricious actions of the county commissioners." Doc. 1 at 51. The Court infers from Mr. Snyder's Complaint that he seeks reinstatement to the LGSC. However, included in Mr. Snyder's proposed mandates, *supra* pages 3-4, is relief requested in addition to the injunction.

The function of a preliminary injunction is to maintain the *status quo ante litem* pending a determination of the action on the merits. *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016). "'Status quo ante litem' refers to 'the last uncontested status preceding the commencement of the controversy.'" *Id.* (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)). A plaintiff seeking a preliminary injunction must establish that he is (1) likely to succeed on the merits and (2) likely to suffer irreparable harm in the

absence of preliminary relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *accord Chamber of Com. of the U.S. v. Bonta*, 62 F.4th 473, 481 (9th Cir. 2023). If Mr. Snyder can meet those burdens, he must also demonstrate that the balance of equities tips in his favor and that an injunction is in the public interest. *Id.*

A mandatory injunction, rather than a prohibitory injunction, is appropriate in cases where the plaintiff does not seek to maintain the *status quo* but, rather, requests the court to order "a responsible party to take action." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). To obtain a mandatory injunction, a plaintiff must show that the "law and facts *clearly favor* [his] position, not simply that she is likely to succeed." *Garcia*, 786 F.3d at 740 (emphasis in original). The standard for a mandatory injunction is, therefore, "doubly demanding" and such injunctions are "particularly disfavored." *Id.* (quoting *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)).

As of the conclusion of today's hearing, Mr. Snyder has not established how he meets the thresholds established by the *Winter* factors. Although Mr. Snyder styles his requested relief as a "temporary injunction,"[4] what he seems to seek is

---

[4] Mr. Snyder's Complaint contains a "REQUEST FOUR [sic] INJUNCTION," which this Court has liberally construed as his first motion for injunctive relief. (Doc. 1 at 49). The "motion" is renewed in Mr. Snyder's Response to Defendants' motion to dismiss. (Doc. 11 at 14). The Court notes that Rule 7.1 of the District of Montana's Local Civil Rules govern the form and

for the Court to return him to a time before the GCCs took action to remove him from the LGSC *and* to command parties (not limited to the named Defendants) to take action in moving meeting spaces, restoring a budget, erecting an unknown amount of signage within unknown boundaries, educating the public, and developing a website.  Mr. Snyder has not yet demonstrated how his positions are clearly favored by the law and facts, precluding him from mandatory injunctive relief at this time.

## IV.   Conclusion

Mr. Snyder will have the opportunity to file an Amended Complaint to provide a more definite statement.  Should Mr. Snyder continue to seek injunctive relief after filing an Amended Complaint, he must file a separate motion and brief with this Court, describing the type of injunction being sought and applying the appropriate injunction standard to the facts he alleges support such relief.  Local Civil Rule 7.2 allows for Mr. Snyder to provide germane facts by way of a sworn affidavit attached to the motion.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Rule 12(e) Motion for a More Definite Statement (Doc. 8) is GRANTED.

---

filing of motions and briefs in support of motions, which are entirely separate from the complaint.  L.R. CV 3.1.

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint, in accordance with Federal Rule of Civil Procedure 12(e), to set forth a more definite statement of his claims on or before **April 24, 2026**. If filed, the Amended Complaint should contain a short plain statement of the facts entitling Plaintiff to relief, enumerated paragraphs, and clear distinctions between causes of action and the named Defendant(s) to which each cause applies. Named Defendants may have the opportunity to respond to any Amended Complaint in accordance with Federal Rule of Civil Procedure 12. Failure to file an Amended Complaint with a more definite statement may subject Plaintiff's Complaint to dismissal.

**IT IS FURTHER ORDERED** that the Amended Complaint shall be served on all Defendants named therein, in accordance with Federal Rule of Civil Procedure 4, and must include all documents incorporated by reference as Exhibits.

**IT IS FURTHER ORDERED** that, if Plaintiff continues to seek injunctive relief after filing an Amended Complaint, Plaintiff shall file a Motion for Preliminary Injunction and a Brief in Support of his motion, pursuant to Local Civil Rule 7.1. The supporting brief should contain a clear discussion of the factors this Court considers when ruling on a motion for injunctive relief, as set forth in *Winter* and, if seeking a mandatory injunction, in *Garcia*. Plaintiff shall file the Motion for Injunctive Relief and Brief in Support only if an Amended

12

Complaint has been filed, but no later than **May 1, 2026**.  Responses and replies to such motion shall be filed in accordance with Local Civil Rule 7.2(d).

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 13th day of April, 2026.

_____
WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE