**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

GARY L. SNYDER,

Plaintiff,

vs.

SCOTT C. ALDER, Granite County Commissioner, Chairman, in his official and personal capacity, PAUL G. KULASKI, Granite County Commissioner, in his official and personal capacity, BLANCHE McLURE, Granite County Commissioner, in her official and personal capacity, BLAINE BRADSHAW, Granite County Attorney, in his official and personal capacity, LUKE ULATOWSKI, Appointed Local Government Study Commissioner, in his official and personal capacity, GAIL LEEPER, Resigned/Former Local Government Study Commissioner, in her official and personal capacity, and ROBIN WIGHT, Resigned/Former Local Government Study Commissioner, Treasurer of Drummond, in her official and personal capacity,

Defendants.

CV 25-222-M-WWM

ORDER DENYING INJUNCTIVE RELIEF

On December 31, 2025, Dr. Snyder, proceeding *pro se*, filed a Complaint seeking, among other things, injunctive relief. (Doc. 1 at 49-52). The relief

requested in the Complaint was far-reaching, including requiring Granite County to: restore the budget of the Local Government Study Commission ("LGSC"), place facilities under the direct control of the LGSC, develop a website for the LGSC, "educate the electorate to the pros and cons of a change to self-governing power," prohibit the Granite county Commissioners from further interference with the LGSC, and "judicious[ly] use signage and billboards . . . and the county commissioners must be held accountable for the cost." (Doc. 1 at 51-52). Following a hearing on these requests and a Motion to Dismiss from the Defendants (Docs. 8 and 9), the Court ordered that "if [Dr. Snyder] continues to seek injunctive relief after filing an Amended Complaint, [Dr. Snyder] shall file a Motion for Preliminary Injunction and a Brief in Support or his motion. . . . Plaintiff shall file the Motion . . . only if an Amended Complaint has been filed, *but no later than* ***May 1, 2026***." (Doc. 16 at 12-13) (emphasis added). Dr. Snyder did not file a motion for injunctive relief within the deadline.

On June 1st, Dr. Snyder filed Motion for Limited Summary Judgment and Brief in Support. (Docs. 21 and 22). As part of his Motion, Dr. Snyder requested "[t]he Court should also grant such declaratory and injunctive relief, and award such further relief, as equity and justice require." (Doc. 22 at 25). On June 25th, Defendants filed a response, objecting that Dr. Snyder had failed to file a statement of undisputed facts, had failed to state a claim, had insufficiently pleaded

jurisdiction, and that qualified and sovereign immunity applied. (Doc. 26). On June 29th, Dr. Snyder filed a reply and a Second Motion for Summary Judgment. (Docs. 29 and 30). The Court held a hearing on August 10th. (Doc. 38).

At the hearing in August, the Court heard arguments on Dr. Snyder's requests for a preliminary injunction. During the hearing, Dr. Snyder clarified that he was not actually seeking injunctive relief but instead was exclusively seeking a determination that the Defendants' actions were *ultra vires* and void *ab initio*.

The LGSC approved ballot issues to be presented to the Granite County electorate in the 2026 general election. On October 20th and 21st, Dr. Snyder filed an "Emergency Motion and Combined Brief for Temporary Restraining Order and Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(b)" and Declaration in Support. (Docs. 41 and 42, respectively). Dr. Snyder seeks to enjoin an upcoming ballot measure titled "Revised Plan of Local Government / Granite County Sub-Option 7" scheduled for the November 3rd general election. (Doc. 41 at 17). Subsequent to these filings, Dr. Snyder has also filed motions for the Court to issue subpoenas to take the emergency depositions of Bryan Senn and Sarah Graham. (Docs. 43 and 44, respectively). Defendants filed a Brief in Response, contesting the grounds for injunctive relief of an election and questioning the Court's jurisdiction to order such relief. (Doc. 46). Dr. Snyder then filed a Motion to Shorten Briefing and a Reply. (Docs. 48 and 49, respectively).

## I. Facts and Procedural History

As described in the Court's recent order on the Defendants' Motion to Dismiss (Doc. 50), Dr. Snyder was removed from the LGSC by vote of the Granite County Commissioners on July 8, 2025, and notified of the removal on July 15th. (Doc. 50 at 5). Dr. Snyder had filed a motion for a writ of mandamus in state court prior to his removal but subsequently withdrew the motion on July 16, 2025. (Doc. 1-2 at 48 and 68).

Nearly six months passed between when Dr. Snyder was removed and when he filed his initial complaint on December 31, 2025. (Doc. 1). The Court then gave Dr. Snyder until May 1, 2026, to file a motion for injunctive relief. (Doc. 16). Dr. Snyder did not do so and, while he made reference to injunctive and equitable relief in his Motion for Limited Summary Judgment, he affirmatively disclaimed any intent to seek injunctive relief at the August 10th hearing. The parties made clear in both the April and August hearings that the work of the LGSC was on-going. Starting on October 20th, Dr. Snyder has made eight separate filings seeking "emergency" relief relating to his recently filed Motion for TRO and Preliminary Injunction. (Docs. 41, 42, 43, 44, 45, 47, 48, and 49).

## II. Standard of Review

A trial court assessing a motion for a preliminary injunction must apply the *Winter* factors. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (citing *Winter*

*v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). These factors require that a party seeking a preliminary injunction show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

"Preliminary injunctions are an 'extraordinary remedy never awarded as of right.'" *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Winter*, 555 U.S. at 24). When a party seeks a mandatory injunction -- to compel a party to act -- their burden is "doubly demanding." *Id.* Unlike a prohibitory injunction, a mandatory injunction does not seek to maintain the status quo, and the moving party is required to show "the law and facts *clearly favor* [their] position, not simply that [they are] likely to succeed." *Id.* (emphasis in original).

**III. Analysis**

To begin, even though the Court convened two hearings on motions in this case and discussed injunctive relief in both, Dr. Snyder elected to wait until late October to move for the removal of the ballot issues from the November 3rd ballot. (Doc. 41). He filed this request on October 20th, two weeks before the election would take place. *Id.* This motion was filed 15 months after he was removed the LGSC, nearly 10 months after the case was filed, five-and-a-half months after the

deadline to request injunctive relief, more than two months after the August 10th hearing, and after election ballots were finalized and printed.

"It is well-established that a plaintiff's failure to timely seek a preliminary injunction weighs against a finding of irreparable harm." *Red Shield Admin., Inc. v. Kreidler*, 2021 WL 3630506, at *6 (W.D. Wash.) (citing *Citizens of the Ebey's Rsrv. for a Healthy, Safe & Peaceful Env't v. U.S. Dep't of the Navy*, 122 F.Supp.3d 1068, 1083 (W.D. Wash. 2015)). "A preliminary injunction is sought upon the theory that there is an urgent need for speedy action to protect the plaintiff's rights. By sleeping on its rights a plaintiff demonstrates the lack of need for speedy action." *Lydo Enters., Inc. v. City of Las Vegas,* 745 F.2d 1211, 1213-14 (9th Cir. 1984) (quoting *Gillette Co. v. Ed Pinaud, Inc.*, 178 F.Supp. 618, 622 (S.D.N.Y. 1959)). Similarly, a long delay shows both a lack of urgency and a lack of irreparable harm. *Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's argument that the pendency of the 1984 presidential election made its situation desperate, is now moot"). Dr. Snyder is not entitled to injunctive relief on this basis alone.

The Court has already noted that Dr. Snyder significantly delayed any attempts to obtain injunctive relief and has, at times, affirmatively disclaimed that he seeks injunctive relief. Dr. Snyder argues that he suffers irreparable harm because of the risk to "Plaintiff's constitutional right to serve as an elected

commissioner, Granite County voters' right to a lawful and intelligible ballot, and the structural integrity of Montana's constitutional local government study process." (Doc. 41 at 13). As discussed in the Order on Defendants' Motion to Dismiss, Dr. Snyder does not hold a property interest in his elected office and is only asserting viable claims under the First Amendment. (Doc. 50 at 11-13). While there may be harm to his First Amendment rights from his removal from the LGSC, these harms are no more acute today than they were in July 2025.

Dr. Snyder is also unable to meet his burden on the public interest prong of the *Winter* test. As one district court in the Ninth Circuit has noted, "[t]he strong public interest in having elections go forward . . . weighs heavily against an injunction that would delay an upcoming election." *Cardona v. Oakland Unified School Dist.*, 785 F.Supp. 837, 842 (N.D. Cal. 1992). "In awarding or withholding immediate relief, a court is entitled to and should consider the proximity of a forthcoming election and the mechanics and complexities of state election laws, and should act and rely upon general equitable principles." *Reynolds v. Sims*, 377 U.S. 533, 585 (1964). The election is three days away, and it is likely that some ballots have already been cast. By requesting injunctive relief on the eve of the election, Plaintiff would have the Court impose a significant procedural burden for the election administrator in Granite County, and it would also likely invalidate the

votes of many citizens who have already cast their votes. Accordingly, this factor weighs against the issuance of a mandatory injunction.

Finally, the balance of the equities also favors Defendants. The relief requested is significant and would create great hardship, including substantially disrupting a county's ongoing election. Moreover, the request for relief at this late stage comes as a surprise. Dr. Snyder does not face any new burden from permitting the election to proceed. This factor also weighs against a mandatory injunction.

This decision causes the Court consternation. Had Dr. Snyder more diligently pursued injunctive relief rather than wait until the period immediately preceding the election to do so, the outcome may very well have been different. However, over the course of the case, the scope and nature of the relief that he has requested has been ephemeral. Dr. Snyder has likely been wronged by the County Commissioners' removal of him from the LGSC, but invalidating the entirety of Granite County's election process would be disproportionate to the harm and not warranted under the facts and legal arguments presented. Accordingly,

**IT IS HEREBY ORDERED** that Dr. Snyder's Motions at Docs. 21, 30, 41, 43, 44, and 48 are DENIED.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 31st day of October, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE